# EXHIBIT A



**CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**
CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202

Main: 410-333-3733
Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300



**To:** THE CHEESECAKE FACTORY RESTAURANTS INC.
26901 MALIBU HILLS ROAD
CALABASAS, CA 91301

|  |  |
|---|---|
| Case Number: | C-24-CV-24-000356 |
| Other Reference Number(s): | |
| Child Support Enforcement Number: | |

**CHINO WALTERS, ET AL. VS. THE CHEESECAKE FACTORY RESTAURANTS INC.**

Issue Date: 7/31/2024

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

CHINO WALTERS; TAMARA WALTERS; ASHLYN WALTERS; ISIAH WALTERS;
CHEYENNE WALTERS
9889 Frankfurt Drive
Waldorf, MD  20603; 9889 Frankfurt Drive
Waldorf, MD  20603; 9889 Frankfurt Drive
Waldorf, MD  20603; 9889 Frankfurt Drive
Waldorf, MD  20603; 9889 Frankfurt Drive
Waldorf, MD  20603

This summons is effective for service only if served within 60 days after the date it is issued.

Xavier A. Conaway
Clerk of the Circuit Court

To the person summoned:
    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    Personal attendance in court on the day named is NOT required.
    It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

CC-CV-032 (Rev. 03/2024)                     Page 1 of 3                     07/31/2024 7:55 AM

Chino Walters, et al. vs. The Cheesecake Factory Restaurants Inc.

Circuit Court for Baltimore City
Case Number: C-24-CV-24-000356

## SHERIFF'S RETURN
### (please print)

To: THE CHEESECAKE FACTORY RESTAURANTS INC.

_____ ID# _____ of the _____
_____Serving Sheriff's Name_____

County Sheriff's office present to the court that I:

(1) Served _____
_____Name of person served_____

on _____ at _____
_____Date of service_____ _____Location of service_____

_____ by _____ with the following:
_____Manner of service_____

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other _____
  _____Please specify_____

- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:
- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction
- ☐ No such address
- ☐ Other _____
  _____Please specify_____

Sheriff fee: $ _____ ☐ waived by _____

_____   _____
Date                         Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

Chino Walters, et al. vs. The Cheesecake Factory Restaurants Inc.

Circuit Court for Baltimore City
Case Number: C-24-CV-24-000356

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

## IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| **CHINO WALTERS and TAMARA WALTERS**<br>**as parents and next friends of A.W., I.W. and C.W.**<br>**9889 Frankfurt Drive**<br>**Waldorf, MD 20603**<br><br>and<br><br>**CHINO WALTERS and TAMARA WALTERS**<br>**9889 Frankfurt Drive**<br>**Waldorf, MD 20603**<br><br>                        **Plaintiffs**<br>   **vs.**<br><br>**THE CHEESECAKE FACTORY**<br>**RESTAURANTS, INC.**<br>**26901 Malibu Hills Road**<br>**Calabasas, CA 91301**<br><br>**Serve On: CSC-Lawyers Incorporating Service**<br>**7 Paul Street**<br>**Suite 820**<br>**Baltimore, MD 21202**<br><br>                        **Defendant** | **Case No:** C-24-CV-24-000356 |

## COMPLAINT

Comes now the Plaintiffs, Chino and Tamara Walters, as parents and next friends of A.W., I.W. and C.W., their minor children, and on behalf of themselves, by and through her counsel, Gregory R. Singleton, Esq., brings suit against the Defendant, The Cheesecake Factory Restaurants, Inc.(hereinafter referred to as "Defendant") and states as follows:

## PARTIES

1. Plaintiffs are residents of Charles George's County, Maryland.

2. Defendant is a foreign corporation based in Calabasas, CA.

## JURISDICTION AND VENUE

3. Jurisdiction is vested in this court pursuant to MD Code Ann., Cts. & Jud. Proc., § 1-501.

4. Personal Jurisdiction is proper pursuant to MD Code Ann., Cts. & Jud. Proc., § 6-102.

5. Venue is proper pursuant to MD Code Ann., Cts. & Jud. Proc., § 6-201(a) because the defendant carries on regular business in the State of Maryland and in Baltimore City.

## FACTS COMMON TO ALL COUNTS

6. Plaintiffs, Chino and Tamara Walters are the parents of the minor Plaintiff, A.W..

7. On or about November 21, 2021, the plaintiffs went to the Defendant's Montgomery Mall location in Bethesda Maryland, for a celebratory dinner.

8. The Plaintiffs were seated in a booth with A.W. seated closest to the booth opening.

9. Prior to ordering dinner, Plaintiffs Chino and Tamara Walters asked for a cup of hot water.

10. An employee waitress of the Defendant indicated that she would retrieve the hot water and return to the table.

11. Upon returning to the table the Defendant's employee, spilled an entire kettle of hot water on A.W..

12. Immediately A.W. began to scream, "help, help," and cry uncontrollably from the pain of the hot water.

13. Plaintiff's Chino and Tamara Walters began frantically trying to assist their child.

14. Plaintiff Tamara Walters screamed "that's hot water."

15. Plaintiff, Chino Walters, jumped up and grabbed A.W. and took her to the next booth.

16. I.W. and C.W., the siblings of A.W., jumped up scared and in shock.

17. Immediately A.W.'s skin began to visibly peel.

18. A.W. began screaming "mommy I don't want to die" and "why did this happen to me."

19. Witnesses in the restaurant began to try to assist the Plaintiff's.

20. Defendant's employee stood there doing nothing and not trying to assist.

21. At that point, Plaintiff Chino Walters asked to speak to a manager while attempting to calm and comfort A.W. and the entire Walters family, who were visibly upset.

22. Another Defendant employee, who identified himself as an assistant manager then came over to the Plaintiff's table.

23. Plaintiff Chino Walters explained what happened to the assistant manager only to hear him nonchalantly say " well what do you want me to do."

24. Plaintiff Chino Walters then asked to speak to the Defendant's General Manager, who after hearing what happened and denying the Plaintiffs request to look at what happened to A.W., took an incident report and said," thank you and I hope your daughter feels better" and simply walked away, without offering any assistance.

25. Plaintiff's other children visibly shocked and upset, began asking " Why aren't they (the managers) doing anything ?."

26. Defendant employees simply returned back to work.

27. Plaintiff's then called 911 for emergency services.

28. While waiting for the ambulance, other patrons, came over to assist the Plaintiffs.

29. No Defendant employee offered any assistance to the Plaintiff's.

30. Shortly thereafter an ambulance arrived to the continued sounds of Plaintiff A.W. screaming in pain.

31. Plaintiff Tamara Walters rode with A.W in the ambulance, while Plaintiffs Chino Walters, I.W. and C.W. followed.

32. Upon entry into the ambulance, an EMT informed Plaintiff Tamara Walters that they ( the EMT's) wanted to take off A.W.'s clothes to see the injuries.

33. Upon doing so and seeing the injuries to A.W., the EMT said " this changes everything."

34. In the ambulance, A.W. was physically shaking and kept repeating " I don't want to die mommy."

35. The EMT's then informed Plaintiff Tamara Walters that they were going to Suburban Hospital in Bethesda, Maryland.

36. Upon arriving at Suburban hospital, A.W. was rushed into the emergency room where the rest of her clothes were removed.

37. The attending physician at Suburban treated A.W. for first and second burns to her shoulders, back and buttocks by removing the burned skin, treating the burns and dressing A.W.'s burns.

38. The attending physician at Suburban communicated to Plaintiff's, "Oh my God, this is unbelievable, I can't imagine being in your shoes."

39. Subsequently, the hospital took pictures of A.W.'s burns and diagnosed A.W. with second degree burns to her shoulders, back and buttocks.

40. Hours later, A.W. was released and the Plaintiffs were advised to follow-up with Children's Hospital.

41. On or about November 24, 2021, A.W. went to Children's National Hospital Burn Unit ("CNHBU").

42. The attending physician, treated A.W.'s injuries by debriding and dressing them.

43. Plaintiff Tamara Walters advised the treating physician of her distress, feelings of helplessness and A.W.'s fear, distress, decreased appetite, pain and sleeplessness.

44. Plaintiff's A.W. and Tamara Walters also demonstrated anxious, tearful and scared behavior.

45. On or about November 24, 2021, the Plaintiffs were referred to the Children's National Hospital Burn Unit Psychology Unit ("CNHBPU").

46. On that same day of November 24, 2021, A.W. and Plaintiff Tamara Walters were seen by at CNHBPU.

47. The attending psychologist noted that the entire family expressed feelings of "horror and hopelessness at the time of the injury, significant re-experiencing and intrusive thoughts, negative emotions and hypervigilance."

48. On or about November 24, 2021, the attending psychologist performed an Acute Stress Checklist on A.W. and noted that A.W.'s score of eleven (11) indicated that A. W. was suffering from "significant" stress.

49. The same psychologist assessed A. W.'s Dermatological Life Quality Index score of fifteen (15) as having a "very large" effect on her skin and life quality and assessed Plaintiff Tamara Walters for PTSD and noted that her score of twenty-three(23) meant that she was suffering from "clinically elevated" PTSD.

50. The psychologist recommended psychological treatment for the entire family.

51. On or about November 30, 2021, A.W. began experiencing heart racing.

52. As a result, A.W. was taken to Waldorf Pediatrics, in Waldorf, MD.

53. The treating physician related the heart racing to anxiety related to this incident and suggested that the child psychologist be informed.

54. On or about December 1, 2021, A.W. returned to CNHBU and CNHBPU to have her injuries debrided and discuss triggers, avoidance, A.W's fear of returning to school and hypervigilance.

55. Over the next eleven (11) months, A.W. was treated for first and second degree burns, PTSD, fear or water, fear or returning to restaurants, heightened acoustic startle, anxiety, hypervigilance, body imaging and chronic pain relating to the incident.

56. A.W., an honor roll student at the time of this incident, missed several days of school and her grades declined.

57. Plaintiff Tamara Walters also received treatment for PTSD, anxiety and stress.

58. At no time did any Plaintiff cause or create this incident.

59. The Plaintiffs were free of negligence relating to this incident.

60. As a result of the preceding facts, the Plaintiffs, were significantly harmed and suffered significant losses.

## COUNT ONE-PREMISES LIABILITY

61. Plaintiffs, reallege and incorporate by reference all those facts and allegations in paragraphs 1 through 60 and further alleges:

62. The Plaintiffs were Invitees of Defendant.

63. The Defendant owed the Plaintiff's, as Invitee's of the Defendant, a duty of reasonable and ordinary care to protect them from potential harm in the Defendant's restaurant.

64. The Defendant breached that duty by failing to protect the Plaintiff's from potential harm of the employee using and spilling extremely hot water onto A.W..

65. As a direct and proximate cause of the Defendant's breach, A.W. suffered and continues to suffer significant physical injuries, severe emotional distress, mental anguish, past pain and suffering and future pain and suffering, past medical expenses, loss and enjoyment of life and future medical expenses.

66. As a direct and proximate cause of the Defendant's breach, Plaintiff's Chino Walters, Tamara Walters, I.W. and C. W. suffered substantial emotional distress, mental anguish, medical expenses, loss and enjoyment of life and loss of wages.

67. All the above damages were directly and proximately caused by the Defendant and/or its employees and were incurred without any contributory negligence on the part of Plaintiff, or an opportunity for Plaintiff to avoid the incident.


WHEREFORE, plaintiff respectfully requests a judgment against the defendant in excess of Seventy-Five Thousand Dollars ($75,000.00)

## COUNT II-NEGLIGENCE

68. Plaintiffs reallege and incorporates by reference all those facts and allegations in paragraphs 1 through 67 and further alleges:

69. Defendant owed a duty of reasonable care to Plaintiffs to protect them from known dangerous conditions in the Defendant restaurant.

70. Defendant breached that duty by not protecting the Plaintiffs from the extremely hot kettle of water spilled onto A.W..

71. As a direct and proximate cause of Defendant's breach, the Plaintiffs suffered significant physical injuries, severe emotional distress, mental anguish, past pain and suffering and future pain and suffering, past medical expenses, loss and enjoyment of life, loss of wages and future medical expenses.

WHEREFORE, plaintiff respectfully requests a judgment against the defendant in excess of Seventy-Five Thousand Dollars ($75,000.00)

## COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiffs reallege and incorporates by reference all those facts and allegations in paragraphs 1 through 71 and further alleges:

73. The Defendant's employee's conduct of caring a hot kettle of water in a manner that was unsecured was reckless.

74. Such conduct was extreme and outrageous given the probability of injury to the Plaintiffs, whose movement was restricted by being cornered in a booth at the Defendant's restaurant.

75. The Defendant's employee's conduct was the direct and proximate cause of the severe and extreme emotional distress suffered by the Plaintiffs.

WHEREFORE, plaintiff respectfully requests a judgment against the defendant in excess of Seventy-Five Thousand Dollars ($75,000.00)

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as to all issues raised herein.

Respectfully Submitted,

*/s/ Gregory R. Singleton*
Law Office of Gregory R. Singleton LLC
Gregory R. Singleton, Esq.
CPF No. 0710230001
5827 Allentown Road
Camp Springs, MD 20746
(240) 252-2072 P
(240) 252-2073 F
gs@gsingleton.com
Attorney for Plaintiffs

IN THE CIRCUIT COURT FOR Baltimore City _____ ☑
                                                      (City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

**FORM FILED BY:** ☑PLAINTIFF  ☐DEFENDANT     CASE NUMBER C-24-CV-24-000356
                                                               (Clerk to insert)

**CASE NAME:** Chino Walters and Tamara Walters   vs.  The Cheesecake Factory Restaurants, Inc.
                          Plaintiff                              Defendant

**PARTY'S NAME:** Chino and Tamara Walters                    PHONE:

**PARTY'S ADDRESS:** 9889 Frankfurt Drive, Waldorf, MD 20603

**PARTY'S E-MAIL:**

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Gregory Singleton          PHONE: 240-252-2072

**PARTY'S ATTORNEY'S ADDRESS:** 5827 Allentown Road, Camp Springs, MD 20746

**PARTY'S ATTORNEY'S E-MAIL:** gs@gsingleton.com

**JURY DEMAND?** ☑Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☑No  If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours  3 days

### PLEADING TYPE

**New Case:** ☑Original  ☐Administrative Appeal  ☐ Appeal
**Existing Case:** ☐Post-Judgment  ☐Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☑ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

❑ Abatement  
❑ Administrative Action  
❑ Appointment of Receiver  
❑ Arbitration  
❑ Asset Determination  
❑ Attachment b/f Judgment  
❑ Cease & Desist Order  
❑ Condemn Bldg  
❑ Contempt  
❑ Court Costs/Fees  
❑ Damages-Compensatory  
❑ Damages-Punitive  

❑ Earnings Withholding  
❑ Enrollment  
❑ Expungement  
❑ Findings of Fact  
❑ Foreclosure  
❑ Injunction  
❑ Judgment-Affidavit  
❑ Judgment-Attorney Fees  
❑ Judgment-Confessed  
❑ Judgment-Consent  
❑ Judgment-Declaratory  
❑ Judgment-Default  

❑ Judgment-Interest  
❑ Judgment-Summary  
❑ Liability  
❑ Oral Examination  
❑ Order  
❑ Ownership of Property  
❑ Partition of Property  
❑ Peace Order  
❑ Possession  
❑ Production of Records  
❑ Quarantine/Isolation Order  
❑ Reinstatement of Employment  

❑ Return of Property  
❑ Sale of Property  
❑ Specific Performance  
❑ Writ-Error Coram Nobis  
❑ Writ-Execution  
❑ Writ-Garnish Property  
❑ Writ-Garnish Wages  
❑ Writ-Habeas Corpus  
❑ Writ-Mandamus  
❑ Writ-Possession  

*If you indicated **Liability** above*, mark one of the following.  This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

❑Liability is conceded. ❑Liability is not conceded, but is not seriously in dispute. ❑Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

❑ Under $10,000    ❑ $10,000 - $30,000    ❑ $30,000 - $100,000    ☒ Over $100,000

❑ Medical Bills $_____    ❑ Wage Loss $_____    ❑ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101?  (Check all that apply)  
A. Mediation        ☒Yes    ❑No        C. Settlement Conference    ☒Yes    ❑No  
B. Arbitration      ☒Yes    ❑No        D. Neutral Evaluation        ❑Yes    ☒No

| SPECIAL REQUIREMENTS |
|---|

❑ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

❑ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*        ***(Case will be tracked accordingly)***

❑ 1/2 day of trial or less        ☒ 3 days of trial time  
❑ 1 day of trial time              ❑ More than 3 days of trial time  
❑ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

***For all jurisdictions***, *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

❑ **Expedited-** Trial within 7 months of        ❑ **Standard** - Trial within 18 months of  
   Defendant's response                             Defendant's response

EMERGENCY RELIEF REQUESTED

| **COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)** |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☒ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| 05/16/24 | /s Gregory R. Singleton |
|---|---|
| Date | Signature of Counsel / Party |
| 5827 Allentown Road | Gregory R. Singleton |
| Address | Printed Name |

| Camp Springs | MD | 20746 |
|---|---|---|
| City | State | Zip Code |