IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHINO WALTERS**, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil No.: 1:24-cv-02348-JRR |
| **THE CHEESECAKE FACTORY RESTAURANTS, INC.**, | |
| *Defendant*. | |

## MEMORANDUM OPINION

Pending before the court is Defendant The Cheesecake Factory Restaurants, Inc.'s Partial Motion to Dismiss (ECF No. 2; the "Motion"), which seeks to dismiss Count III of the Complaint (ECF No. 5; the "Complaint"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.[1]

**I.    BACKGROUND**[2]

Plaintiffs Chino Walters and Tamara Walters, individually and as parents and next friends of A.W., I.W., and C.W., initiated this action against Defendant arising from an incident that occurred while they were dining at Defendant's restaurant in Bethesda, Maryland, on or about November 21, 2021. (ECF No. 5 ¶ 7.) Plaintiffs and their minor children were seated in a booth, with A.W. "seated closest to the booth opening." *Id.* ¶ 8. Plaintiffs asked for "a cup of hot water" prior to ordering their dinner. *Id.* ¶ 9. Defendant's employee, a waitress, told Plaintiffs that she would retrieve the hot water and return to the table. *Id.* ¶ 10. The waitress then returned to the

---

[1] On one occasion in its Motion, Defendant erroneously refers to itself as DICK's Sporting Goods, Inc., which the court assumes is a clerical error. (ECF No. 2.)

[2] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 5.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

table, carrying a kettle of hot water, and she spilled the hot water on A.W. *Id.* ¶ 11. Plaintiff alleges that the waitress's "conduct of car[ry]ing a hot kettle of water in a manner that was unsecured was reckless." *Id.* ¶ 73. A.W. began to scream and cry in pain, while her skin began to "visibly peel." *Id.* ¶¶ 12, 17. A.W. screamed "mommy I don't want to die" and "why did this happen to me." *Id.* ¶ 18. The other minor children were "scared and in shock." *Id.* ¶ 16.

An assistant manager approached the table and, after learning what happened, asked Plaintiff Chino Walters, "what do you want me to do?" (ECF No. 5 ¶ 23.) A general manager then took an incident report and said, "thank you and I hope your daughter feels better" without offering further assistance. *Id.* ¶ 24. Plaintiffs then called 911 for emergency assistance, and an ambulance arrived and transported A.W. (and her mother) to Suburban Hospital in Bethesda, Maryland. *Id.* ¶¶ 27, 30, 35. A.W. was treated for first and second degree burns on her shoulders, back, and buttocks. *Id.* ¶¶ 37, 39.

Following the incident, A.W. sought additional treatment from the Children's National Hospital's Burn Unit where she was referred to the Psychology Unit. (ECF No. 5 ¶¶ 41, 45.) Plaintiff Tamara Walters advised the treating physician that A.W. was experiencing fear, distress, decreased appetite, pain, and sleeplessness, and that she (Plaintiff Tamara Walters) was experiencing "distress" and "feelings of hopelessness." *Id.* ¶ 43. Upon a screening with a psychologist, the psychologist noted that "the entire family expressed feelings of 'horror and hopelessness at the time of the injury, significant re-experiencing and intrusive thoughts, negative emotions and hypervigilance.'" *Id.* ¶ 47. In particular, the psychologist-conducted screening of A.W. indicated she was experiencing "significant" stress and that the burn had a "very large" effect on A.W.'s skin and life quality. *Id.* ¶¶ 48–49. The psychologist also assessed Plaintiff Tamara Walters for post-traumatic stress disorder ("PTSD") and determined she was "suffering from

'clinically elevated' PTSD." *Id.* ¶ 49. The psychologist recommended treatment for the entire family. *Id.* ¶ 50. "Over the next eleven (11) months, A.W. was treated for first and second degree burns, PTSD, fear o[f] water, fear o[f] returning to restaurants, heightened acoustic startle, anxiety, hypervigilance, body imaging and chronic pain relating to the incident." *Id.* ¶ 55. During this time, she also "missed several days of school," and "her grades declined." *Id.* ¶ 56. Plaintiff Tamara Walters "also received treatment for PTSD, anxiety and stress." *Id.* ¶ 57.

On May 15, 2024, Plaintiffs filed suit in the Circuit Court for Baltimore City, Maryland. (ECF No. 1-1.) Plaintiffs assert the following claims: Premises Liability (Count I); Negligence (Count II); and Intentional Infliction of Emotional Distress ("IIED") (Count III). (ECF No. 5 ¶¶ 61–75.) On August 13, 2024, Defendant removed the action to this court (based on diversity subject matter jurisdiction) and filed the instant Motion. (ECF Nos. 1, 2.)

## II.   LEGAL STANDARD

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

3

that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.  ANALYSIS

In its Motion, Defendant seeks dismissal of Plaintiffs' IIED claim (Count III) because Plaintiffs fail to allege intentional or reckless conduct, extreme and outrageous conduct, and a severe and emotionally disabling response. (ECF No. 2 at p. 8–11.) Plaintiffs aver in opposition that their pleadings are sufficient to allege each element of an IIED claim. (ECF No. 8 at p. 4–7.)

"Generally speaking, claims for IIED are disfavored, difficult to establish and, as such, 'rarely viable.'"[3] *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Program*, No. CV ELH-20-0423, 2021 WL 1720235, at *14 (D. Md. Apr. 30, 2021) (citing cases). "To state a prima facie case of intentional infliction of emotional distress, a plaintiff must allege facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and

---

[3] "A federal court sitting in diversity is required to apply the substantive law of the forum state . . . ." *Francis v. Allstate Ins.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).

outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 624 (D. Md. 2014) (citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). "When attempting to make such a showing, plaintiffs need to plead with specificity, as reciting 'in conclusory form the bare elements of an intentional infliction of emotional distress claim' will not do." *Lilly v. Baltimore Police Dep't*, 694 F. Supp. 3d 569, 596 (D. Md. 2023) (quoting *Vance v. CHF Int'l*, 914 F. Supp. 2d 669, 683 (D. Md. 2012)); *see Mulamba v. Bd. of Educ. of Baltimore Cnty.*, No. 1656, Sept. term, 2023, 2024 WL 5103270, at *11 (Md. Ct. Spec. App. Dec. 13, 2024) ("Each element of an IIED claim must be 'pled and proved with specificity.'") (quoting *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000)). "To be actionable, the conduct relied upon 'must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung.'" *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 248 (D. Md. 1997) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 59–60, *cert. denied*, 306 Md. 118 (1986)).

The court is persuaded that Plaintiffs fail to allege sufficient facts to plead an IIED claim. With respect to the first element, Plaintiffs have not sufficiently alleged that the waitress's conduct was reckless.[4] "Conduct that is . . . 'reckless occurs . . . where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow.'" *Mixter v. Farmer*, 215 Md. App. 536, 548 (2013) (quoting *Harris v. Jones*, 281 Md. 560, 566 (1977)). To be sure, Plaintiffs allege that the waitress's conduct of carrying a hot kettle of water to Plaintiffs' table "in a manner that was unsecured was reckless." (ECF No. 5 ¶ 73.) But Plaintiffs fail to plead such facts with specificity, *see Lilly*, 694 F. Supp. 3d at 596, *supra*; the factual allegations offered in support of Plaintiffs' claim are merely that Plaintiffs requested cups of hot water, and so the

---

[4] Plaintiffs do not allege that Defendant's employee's conduct was intentional.

5

waitress brought a kettle of hot water to the table. *Id.* ¶¶ 9–11, 73. Such facts, even accepted as true, do not support a reasonable inference that the waitress was reckless, meaning that she acted "recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *See Mixter*, 215 Md. App. At 548, *supra*. Accordingly, Plaintiffs' IIED claim fails as to the first element.

Plaintiffs' IIED claim similarly fails as to the second element.[5] "The "extreme and outrageous" standard is quite high." *Lilly*, 694 F. Supp. 3d at 596. "To meet the test of 'outrageousness,' the conduct 'must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Lindenmuth v. McCreer*, 233 Md. App. 343, 369 (2017) (quoting *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 160 (1986)). For such conduct to be actionable, it "must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Lilly*, 694 F. Supp. 3d at 596 (quoting *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 248 (D. Md. 1997)). Here, the allegations do not rise to the level of "extreme" or "outrageous" conduct, which is to say, an allegation that a waitress, complying with a customer's request, brought a kettle of hot water to the table while a child was present does not "go beyond all possible realms of decency." It is neither "atrocious" nor "utterly intolerable in a civilized community." *See Lindenmuth*, 233 Md. App. At 369, *supra*. Accordingly, Plaintiffs' allegations as to the second element are similarly insufficient to state an IIED claim.

---

[5] In their opposition, Plaintiffs seem to suggest that the assistant manager's "cold, carefree and nonchalant response" was also extreme and outrageous. (ECF No. 8 at p. 6 referring to Plaintiffs' allegation regarding the assistant manager at ECF No. 5 ¶ 23.) True or not, this theory figures nowhere in their pleading of Count III, *see* ECF No. 5 ¶¶ 73–74 (referring to the carrying of the hot kettle as the outrageous conduct); however, were the court to consider the assistant manager's conduct as Plaintiffs characterize, the assistant manager's described actions and conduct do not rise to the level of "extreme and outrageous" conduct that goes "beyond all possible bounds of decency." *See Lindenmuth v. McCreer*, 233 Md. App. 343, 369 (2017).

Finally, even assuming without deciding that Plaintiffs pled sufficient facts to allege that A.W. suffered a severely disabling emotional response, they plainly fail to allege such facts for Plaintiffs individually or the other minor children. "In the context of an IIED claim, 'mere allegations of emotional trauma or humiliation are insufficient.'" *Grant v. Atlas Rest. Grp., LLC*, No. CV GLR-20-2226, 2021 WL 2826771, at *5 (D. Md. July 7, 2021) (quoting *Solis v. Prince George's Cnty.*, 153 F.Supp.2d 793, 804 (D. Md. 2001)). "To survive a motion to dismiss, the facts alleged must give rise to the inference that, because of the defendant's egregious conduct, the plaintiff experienced 'severely disabling emotional trauma,' . . . , *i.e.*, that she was rendered 'unable to function' or 'unable to attend to necessary matters.'" *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Program*, No. CV ELH-20-0423, 2021 WL 1720235, at *14 (D. Md. Apr. 30, 2021) (quoting *Chin v. Wilhelm*, CCB-02-01551, 2006 WL 827343, at *9 (D. Md. Mar. 24, 2006); *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 161 (1986)). Plaintiffs must therefore "plead specific facts regarding the nature, intensity, and duration of the alleged emotional trauma." *Id.* (quoting *Chin*, 2006 WL 827343, at *9).

Here, Plaintiffs fail to allege sufficient facts related to the nature, intensity, and duration of the purported trauma as to Plaintiffs Chino and Tamara Walters, or their minor children I.W. and C.W. The allegations that a psychologist noted that the family generally had "significant re-experiencing, intrusive thoughts, negative emotions and hypervigilance," (ECF No. 5 ¶ 47), and that Plaintiff Tamara Walters "received treatment for PTSD, anxiety and stress," *id.* ¶ 57, fail to meet the required specificity. *See Lee v. Queen Anne's Cnty. Off. of Sheriff*, No. CIV.A. RDB-13-672, 2014 WL 476233, at *16 (D. Md. Feb. 5, 2014) (dismissing IIED claim where the plaintiff "alleges that he struggles sleeping, avoids socializing, and sees a psychiatrist for anxiety and depression," and "only vaguely alluded to the intensity and the duration of his distress") (citation

omitted); *McDaniel v. Maryland*, No. CIV.A. RDB-10-00189, 2010 WL 3260007, at *9 (D. Md. Aug. 18, 2010) (dismissing IIED claim where the plaintiff "has not set forth 'specific facts regarding the nature, intensity, and duration of the alleged emotional trauma'") (quoting *Chin*, 2006 WL 827343, at *9); *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (dismissing IIED claim where the plaintiff alleged "severe depression, anxiety, sleeplessness, headaches, and [being] sick to her stomach," but failed to allege facts related to impairment of her daily functioning). Further, such allegations do not give rise to an inference that Plaintiffs have been rendered unable to function. *See Lewis-Davis*, 2021 WL 1720235, at *14, *supra*. Accordingly, as to Plaintiffs individually and as parents and next friends of I.W. and C.W., they fail to allege emotional distress sufficiently severe to support an IIED claim.

Because Plaintiffs have failed to allege facts in support of the first and second elements of an IIED claim, as well as the fourth element of an IIED claim as to Plaintiffs individually and as parents and next friends of I.W. and C.W., the court will grant the Motion and dismiss Plaintiffs' IIED claim for failure to state a claim.

IV.    **CONCLUSION**

For the reasons set forth herein, by separate order, Defendant's Motion (ECF No. 2) will be granted.[6]

Date: February 3, 2025                                                      /s/
                                                                            Julie R. Rubin
                                                                            United States District Judge

---

[6] Defendant seeks dismissal with prejudice of Plaintiffs' IIED claim. The court declines to dismiss Plaintiffs' IIED claim with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").